## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MORTENSEN WOODWORK, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| MORTENSEN MID-ATLANTIC | ) | |
| LIMITED LIABILITY COMPANY; | ) | |
| MORTENSEN MID-ATLANTIC OF | ) | |
| NEW YORK, LLC; CAPITOL | ) | |
| WOODWORK; PALKO HOLDINGS | ) | |
| CORPORATION; and RICHARD A. | ) | |
| PALKO | ) | |
| | ) | |
| **Defendants.** | ) | |

## VERIFIED PETITION FOR INJUNCTIVE RELIEF

Plaintiff Mortensen Woodwork, Inc. ("MWI") files this Verified Petition for

Injunctive Relief against Defendants Mortensen Mid-Atlantic Limited Liability

Company ("MMA"), Mortensen Mid-Atlantic of New York LLC, ("MMANY"),

Capitol Woodwork ("Capitol"), Palko Holdings Corporation ("PHC"), and Richard

A. Palko ("Palko") (collectively, "Defendants") and state as follows:

1.

Plaintiff MWI is a construction subcontractor that creates and installs high-end woodwork and millwork for the construction industry in the East Coast, and has been located in Georgia for over 35 years.  MWI is owned by Fred Mortensen.

2.

The Parties entered into an Operating Agreement whereby Defendants were licensed to utilize MWI's Marks strictly in accordance with the Agreement.

3.

MMA and MMANY had a license to use MWI's trademarks in accordance with the License.  In October 2016, the Parties entered into a Settlement Agreement whereby MMA and MMANY agreed to not use MWI's trademarks, except to complete a few ongoing construction projects.

4.

A true and accurate copy of both the Settlement Agreement and License are attached as Exhibits A and B, respectively.  The License expired by its terms on August 17, 2017.  The Settlement Agreement states, among other things, the following:

> **WHEREAS**, PHC and MWI are the members of MMA and MMA New York, and each of PHC, MWI, Palko and Mortensen are parties to that certain Amended and Restated Operating Agreement of MMA, effective as of January 1, 2016 (the "MMA Operating Agreement") and

> that certain Operating Agreement of MMA New York (the "<u>MMA New York Operating Agreement</u>");
>
> \*     \*     \*
>
> **WHEREAS**, MWI delivered a notice, dated May 19, 2016, to MMA indicating that MWI was resigning, withdrawing and dissociating from its membership to MMA effective as of August 17, 2016;
>
> **WHEREAS,** simultaneously with the extension and delivery of this Agreement, MMA and MWI are entering into a License Agreement to be effective as of September 23, 2011 (the "<u>License Agreement</u>"); and
>
> \*     \*     \*
>
> 1.     The Parties hereby acknowledge and agree that (a) effective as of August 17, 2016, MWI assigned all of its membership units in both MMA and MMA New York to PHC, …

(emphasis in the original).

### 5.

On August 17, 2017, the License expired.  Now that the License has expired, all of the Defendants are ignoring the obligations of the Settlement and the License.

### 6.

In addition, Defendants continue to improperly use Plaintiff's actual trademarks in connection with Defendants simultaneously operating "Capitol Woodwork" in some places and MMA "d/b/a" Capitol Woodwork in other places. In addition, for approximately five (5) months post-expiration, Capitol displayed the

MWI trademarks on Capitol's website and to the market. These actions did cause and continue to cause actual customer confusion and irreparable harm to Plaintiff.

7.

These actions of Defendants not only infringe upon Plaintiff's contractual and intellectual property rights, but they likewise violate the terms of the Settlement Agreement and License.

8.

This action seeks to enjoin all Defendants from willfully and unlawfully using Plaintiff's common law trademarks and service marks, including Mortensen Woodwork, Inc., MWI, and the Danish flag (the "Mortensen Marks"), as well as continuing to trade off of Plaintiff's goodwill and reputation after expiration of the License.  Further, Plaintiff seeks to enjoin the unauthorized and misappropriated use of the Mortensen Marks.

9.

All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

## THE PARTIES

### 10.

Plaintiff MWI is a Georgia corporation with its principal place of business, corporate headquarters, and members located in Union City, Georgia.

### 11.

MWI owns the Mortensen Marks.   Plaintiff MWI granted MMA and MMANY the right to use the Mortensen Marks in strict accordance with the License.

### 12.

Defendant MMA is a New Jersey limited liability corporation with its principal place of business located at 7 Eves Drives, Suite 150, Marlton, New Jersey 08053. Defendant MMA can be served with process through its member and registered agent, Deiches & Ferschmann, 25 Wilkins Ave, Haddonfield, New Jersey 08033-2405.

### 13.

Defendant MMANY is a citizen and resident of the State of New York. MMANY can be served with process at National Registered Agents, Inc., 111 Eighth Ave., 13th Floor, New York, New York 10011.

### 14.

Defendant Capitol is a New Jersey limited liability company with its principal place of business located at 7 Eves Drives, Suite 150, Marlton, New Jersey 08053.

Defendant Capitol can be served with process through its registered agent, Deiches & Ferschmann, 25 Wilkins Ave, Haddonfield, New Jersey 08033-2405.

15.

Defendant PHC is a citizen and resident of the State of New Jersey. PHC's agent can be served with process at Deiches & Ferschmann, 25 Wilkins Ave, Haddonfield, NJ 08033-2405.

16.

Defendant Palko is a citizen and resident of the State of New Jersey. Palko can be served with process at 129 Centennial Drive W, Medford, NJ 08055.

**JURISDICTION AND VENUE**

17.

This Court has subject matter jurisdiction over this action based upon:

(a)     Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338 (a), for the claims arising out of Defendants' violations of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

(b)     18 U.S.C. § 1836(c), for claims arising under the Defend Trade Secrets Act; and

(c)     28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction as codified in 28 U.S.C. § 1367, for the claims arising out of Defendants' common law unfair competition, breach of contract, and other related causes of action.

18.

The exercise of personal jurisdiction over Defendants by this Court is proper under Georgia's Long Arm Statute (O.C.G.A. § 9-10-91).

19.

The exercise of personal jurisdiction over Defendants is also proper based upon the agreement of the parties in the Settlement Agreement and License.

20.

In addition to the foregoing, Defendants transacted business in Georgia by: (i) paying royalty and fees under the License with MWI, who is headquartered in Georgia; (ii) accepting and implementing marketing initiatives and operational programs that were developed by MWI in Georgia, sent to Defendants from Georgia, and implemented by Defendants with the assistance of MWI's support team headquartered in Georgia; and (iii) regularly communicating with Plaintiff, who is headquartered in Georgia, by email and telephone throughout the 6-year term of the Operating Agreement.

21.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and the License, which provide that this Court is the proper forum for this dispute. Under these circumstances, the forum selection clause in the License is binding and imputed upon all Defendants.

## OBLIGATIONS UNDER THE LICENSE

### 22.

The License states as follows:

### ARTICLE I
### RECITALS AND DEFINITIONS

1.3.   Section 15.2 of the AROA requires MMA New Jersey to cease use of the trademarks/trade names "Mortensen" and "Mortensen Woodwork" and the Danish flag logo (collectively, the "**Marks**") utilized by Licensor upon the transfer of all of Licensor's Units unless Licensor otherwise consents in writing.

\*      \*      \*

1.5.   The purpose of this License is to enable MMA to continue to use the Marks, subject to the terms of this License, after the Resignation Date.

### ARTICLE II
### LICENSE FOR USE OF MARKS

2.1.   Licensor has granted, and hereby confirms that it grants to MMA, subject to the terms and conditions hereof, a license to use the Marks in the operation of the business of MMA until August 17, 2021 (the "**Expiration Date**", and such period, the "**Term**"). This license and consent allows MMA to (a) continue use of the Marks from the Resignation Date until August 17, 2017 in the same manner and extent as the Marks were used by MMA prior to the Resignation Date and (b) use the Marks from August 17, 2017 until the Expiration Date solely in connection with the completion of work on projects for which contracts have been entered into by MMA prior to August 17, 2017 ("**Ongoing Projects**"). MMA has not made, and

shall not make, any other use of the Marks without written permission from Licensor.

\*       \*       \*

2.6.   The license to use the Marks granted to MMA shall be exclusive within the Territory and Licensor shall not grant any rights to use of the Marks by any third party within the Territory.   Notwithstanding the foregoing sentence, (a) during the period from the Resignation Date through the earlier of (i) August 17, 2017 and (ii) the effective date set forth in any Phase-Out Notice sent by MMA to Licensor (such earlier date, the **"Phase-Out Date"**), Licensor reserves all rights for it to use the Marks alone or in association with any other trademark, service mark or name, as trademarks, trade names and/or service marks within the Territory for the purpose of pursuing projects in the gaming and hospitality industries, and (b) after the Phase-Out Date, Licensor shall have the right to use the Marks alone or in association with any other trademark, service mark or name, as trademarks, trade names and/or service marks within the Territory without restriction

\*       \*       \*

2.8.   Licensor has the right to terminate this License if MMA breaches or otherwise fails to comply with its obligations under this License and does not cure said breach or failure within thirty (30) days after receiving notice.   Should MMA fail to cure within such thirty (30) day period, Licensor may immediately terminate this License by providing written notice to MMA, and upon receipt of such notice MMA shall immediately cease and desist from all use of the Marks in any way.

2.9.   MMA has acknowledged and hereby confirms that Licensor owns all right, title and interest in and to the Marks.  All past, present and future use of the Marks by

MMA pursuant to this License and all goodwill associated with such use has inured and shall continue to inure to the benefit of Licensor. MMA has agreed and continues to agree not to take any action or assist another in taking any action, contesting, or in any way impairing or tending to impair any part of Licensor's right, title, and interest in and to the Marks. MMA has understood and agreed, and hereby confirms, that the rights granted by Licensor to use the Marks convey to MMA no greater rights than those expressly stated herein and that, in particular, MMA shall at no time acquire any legal or equitable right, title or interest of any sort in the Marks, or in the use thereof. MMA shall not at any time do or knowingly permit to be done any act or thing which could reasonably be expected to (a) in any way impair the rights of Licensor in and to the Marks, (b) adversely affect the validity of the Marks, (c) depreciate or otherwise damage the value of or goodwill in the Marks or the reputation of Licensor, or (d) otherwise create potential confusion as to source or sponsorship.

## THE MORTENSEN MARKS

### 23.

To identify the source, origin and sponsorship of MWI'S products and services, MWI has employed and caused the Mortensen Marks to be used throughout the United States continuously and exclusively since at least as early as 1987.

### 24.

Since 1987, when Mortensen Woodwork Inc. was incorporated, MWI has been dedicated to providing quality goods and services from design to delivery.

25.

For over 30 years, MWI has extensively advertised and marketed its products and services under the Mortensen Marks, which has created widespread consumer recognition and goodwill in the market place.

26.

As a result of MWI's marketing efforts and expenditures, MWI is a nationally recognized full-service, turnkey woodwork manufacturer producing over $40 million of fine interior fixture and perimeter woodwork each year.

27.

The Mortensen Marks, which are used in interstate commerce in connection with MWI's sale of products and services and the products and services of MWI's licensees, serve as source identifiers for MWI's products and services and/or as an indication of sponsorship by, endorsement by, or affiliation with MWI.

## OBLIGATIONS AND CONTINUING COVENANTS
## UPON EXPIRATION OF THE LICENSE

28.

The license to Mortensen Marks under the Operating Agreement and License expired on August 17, 2017.

29.

Upon expiration of the License, Defendants are required to do the following:

MMA agreed to indemnify MWI as follows:

## ARTICLE III
## INDEMNIFICATIONS

\*      \*      \*

3.2.   MMA hereby agrees to indemnify and hold Licensor harmless from and against any and all loss, cost, damage or expense (including attorneys' fees) suffered or incurred by Licensor in connection with any Claim arising from or relating to: (a) MMA's operation of its business, including in connection with any confusion by a third party between MMA and MWI, but excluding any Claim arising from or relating to the manufacturer by Licensor of any product for a project on which MMA is a contractual party, which shall be governed by the purchase order between Licensor and MMA; (b) any past, present or future breach of this License by MMA; (c) any past, present or future misuse of the Marks by MMA; or (d) any allegation that any intellectual property, material or product provided or used by MMA in association or combination with the Marks constitutes infringement of the intellectual property rights of any third party, including patent, trademark, copyright, and trade secret rights, or privacy or proprietary rights.

3.3.   The obligations of Licensor and MMA set forth in this Article III shall survive the termination or expiration of this License and continue in effect until the expiration of the statute of limitations applicable to the respective Claim.

ARTICLE IV
MISCELLANEOUS

\*     \*     \*

4.2.   Except as expressly provided herein, this License constitutes the entire agreement of the parties relating to the use of the Marks and supersedes all prior contracts or agreements, whether oral or written, relating to use of the Marks.   This License may be amended, modified or waived from time to time only by a written document executed by both Licensor and MMA.

\*     \*     \*

4.5.   All issues and questions concerning the construction, validity, enforcement and interpretation of this License shall be governed by and construed only in accordance with the laws of the State of Georgia, without giving effect to any choice of law or conflict of law, rules or provisions (whether of the State of Georgia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Georgia.  In the event of any litigation arising under or relating to this License, the parties explicitly consent to the jurisdiction of the federal or state courts of the State of Georgia.

\*     \*     \*

**4.9.   The parties waive their respective rights to a jury trial of any claim or cause of action based upon or arising out of this License or any dealings between them relating to the subject matter of this License and the relationship that is being established by this License.  The scope of this waiver is intended to be all-encompassing of any and all disputes that may be filed in any court and that relate to the subject matter of this License, including, without limitation, contract claims, tort claims, breach of duty claims, and all other**

**common law and statutory claims. The parties acknowledge that this waiver is a material inducement to enter into this License, that each has expressly relied on the waiver in entering into the License and that each will continue to rely on the waiver in their related future dealings under this License. The parties further warrant and represent that each has reviewed this waiver with its legal counsel, and that each knowingly and voluntarily waives its jury trial rights following consultation with legal counsel. In the event of litigation, this License may be filed as a written consent to a trial by the court.**

(emphasis in the original). The obligations set forth in this Paragraph shall be collectively referred to in this Complaint as the "Post-Expiration Obligations."

30.

By agreeing to these terms, upon expiration of the License, Defendants must immediately cease and desist from all use of the Mortensen Marks.

31.

Further, upon expiration of the License, Defendants have no right to use or display the Mortensen Marks and no right to operate MMA and MMANY.

32.

Additionally, Defendants (upon expiration of License) may not use any of Plaintiff's trade secrets and promotional materials, or any mark confusingly similar to the Mortensen Marks.

## POST-EXPIRATION DEFAULTS UNDER THE OPERATING AGREEMENT AND LICENSE

33.

Despite the forgoing expiration, the Defendants continued to operate after August 17, 2017, and continued to, improperly and without authority, utilize the Mortensen Marks.

34.

On September 12, 2017, MWI sent a letter to Defendants MMA, PHC and Palko demanding that they cease and desist all unauthorized use of the Mortensen Marks ("Cease & Desist Notice"). The Cease & Desist Notice notified Defendants that they were in violation of the Post-Expiration Obligations, which requires them to discontinue any and all use of the Mortensen Marks. A true and correct copy of the Cease & Desist Notice is attached hereto as Exhibit C and incorporated herein by reference.

35.

Despite the obligations and covenants under the Operating Agreement, Settlement Agreement, License, and receipt of the Cease & Desist Notice, Defendants continued to breach their Post-Expiration Obligations.

## DEFENDANTS' CONTINUED INFRINGEMENT AND REFUSAL TO COMPLY WITH POST-EXPIRATION COVENANTS

36.

Over the course of the months that followed the Cease and Desist notice, Defendants continued to utilize Mortensen's Marks on a continuous basis.

37.

Specifically, MWI received evidence regarding the continued infringement and unauthorized use of Mortensen Marks by Defendants.

38.

As late as October, 2017, Defendants continued to use the Mortensen Marks on Capitol's internet site. See Exhibit D.

39.

Defendants continue to use Plaintiff's goodwill by displaying MWI's work and résumé as Defendants' own. See Exhibit E.

40.

Upon information and belief, Defendants are contracting and representing themselves as "Mortensen Mid-Atlantic LLC, DBA Capitol Woodwork." See Exhibits F and G.

41.

On September 19, 2017, Palko sent an email to Mortensen that still depicted the Mortensen Marks.  See Exhibit H.

42.

Defendants' unlawful actions and inactions reflect a conscious indifference to their Post-Expiration Obligations, including without limitation their post-expiration restrictive covenants under the Operating Agreement and License.

43.

Defendants' failure to comply with the Post-Expiration Obligations is causing confusion to the public.  As a result, the potential damage to Plaintiff's goodwill and reputation is incalculable, and the potential harm to Plaintiff is irreparable.

44.

Plaintiff has fulfilled each and every obligation it had pursuant to the Operating Agreement, Settlement Agreement and License.

**COUNT I**
**INJUNCTION AND TEMPORARY RESTRAINING ORDER**
**(Against All Defendants)**

45.

Plaintiff incorporates and re-alleges the foregoing Paragraphs as if fully set forth herein.

46.

Despite the expiration of the License, Defendants continue to unlawfully operate using logos and other décor that are confusingly similar or exactly the same to the Mortensen Marks.

47.

Defendants' infringement and violations of the Post-Expiration Obligations are resulting in irreparable harm to Plaintiff, making money damages inadequate.

48.

Plaintiff will prevail on their claims due to Defendants' breach of the Settlement and License, infringement on Plaintiff's Marks, and violation of Post-Expiration Obligations.

49.

As a result, Defendants should be immediately enjoined and restrained from continuing to operate MMA and MMANY and from using the Mortensen Marks, trademarks, confidential and other propriety information belonging to Plaintiff.

50.

Defendants should further be ordered to fully de-identify MMA and MMANY from MWI and return all other confidential materials to Plaintiff, and promptly make such alterations and modifications to MMA and MMANY as may be necessary to clearly distinguish to the public it from MWI.

## COUNT II
## LANHAM ACT INFRINGEMENT
### (Against All Defendants)

51.

Plaintiff incorporates and re-alleges the foregoing Paragraphs as if fully set forth herein.

52.

Despite the expiration of the License, Defendants continue to unlawfully operate using logos and other décor that are confusingly similar or exactly the same to the Mortensen Marks.

53.

Defendants' actions are causing irreparable harm to Plaintiff by, among other things, depriving MWI of control over its intellectual property and reputation among consumers.

54.

Defendants' acts constitute infringements of Plaintiff MWI's trademarks and service marks in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III
## LANHAM ACT UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Against All Defendants)

55.

Plaintiff incorporates and re-alleges the foregoing Paragraphs as if fully set forth herein.

56.

Despite the expiration of the License, Defendants continue to unlawfully operate using logos and other décor that are confusingly similar or exactly the same to the Mortensen Marks.

57.

Defendants' actions are causing irreparable harm to Plaintiff by, among other things, depriving MWI of control over its intellectual property and reputation among consumers.

58.

Defendants' acts constitute false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV
## GEORGIA COMMON LAW TRADEMARK INFRINGEMENT
### (Against All Defendants)

59.

Plaintiff incorporates and re-alleges the foregoing Paragraphs as if fully set forth herein.

60.

Despite the expiration of the License, Defendants continue to unlawfully operate using logos and other décor that are confusingly similar or exactly the same to the Mortensen Marks.

61.

Defendants' actions are causing irreparable harm to Plaintiff by, among other things, depriving MWI of control over its intellectual property and reputation among consumers.

62.

Defendants' acts constitute unlawful trademark and service mark infringements under the common law.

63.

Defendants' acts constitute unfair competition under the common law.

## COUNT VI
### VIOLATION OF GEORGIA'S
### UNIFORM DECEPTIVE TRADE PRACTICES ACT

64.

Plaintiff incorporates and re-alleges the foregoing Paragraphs as if fully set forth herein.

65.

Defendants have misappropriated the Mortensen Marks, business information, including protocols, methods and systems by failing to return items after the relationship between the Parties ended.

66.

Such actions cause a likelihood of confusion and misunderstanding as to Defendants' affiliation, connection and association with Plaintiff, which no longer exists post-expiration of License.

67.

The foregoing conduct is unlawful, unethical and deceitful.

68.

Defendants' actions constitute a violation of Georgia's Uniform Deceptive Trade Practices Act.

69.

Defendants' continued use possession of misappropriated confidential and proprietary business information should be enjoined because such information was procured by deceitful means with an improper purpose.

## COUNT VII
## EQUITABLE ACCOUNTING
### (Against All Defendants)

70.

Plaintiff re-alleges and incorporates the foregoing Paragraphs as if fully set forth herein.

71.

Defendants have illegally profited from their misappropriation and infringement of Plaintiff's marks and breach of the Post-Expiration Obligations.

72.

Plaintiff is entitled to an accounting of all funds, monies, and earning by Defendants as a result of their use and misuse of Plaintiff's trade secrets and trademarks.

## COUNT VIII
## UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST
### (Against All Defendants)

73.

Plaintiff re-alleges and incorporates the foregoing Paragraphs as if fully set forth herein.

74.

Post-expiration, Defendants have continued to use and profit from Plaintiff's trademarks, trade secrets, and other proprietary information and know-how without authority to use the same.

75.

As a result, Defendants have been unjustly enriched and have been conferred a benefit for which, in good conscious and equity, Plaintiff should be compensated.

76.

Accordingly, a constructive trust should be imposed on the post-expiration proceeds and other assets resulting from the post-expiration operations in order to equitably account for Defendants' unlawful use of Plaintiff's assets and trade secrets. Imposing the implied trust on said proceeds will equitably reflect that Defendants have benefitted and continue to benefit from Mortensen Marks, know-how, brand recognition and proprietary products whether operating as MMA, MMANY or Capitol

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For temporary restraining orders and/or preliminary and permanent injunctions enjoining Defendants and all persons acting on their behalf, in concert with, or under their control, from:

(a)     manufacturing, packaging, distributing, selling, advertising, displaying, or promoting any product or service bearing any of the Mortensen Marks, or any colorable imitation thereof;

(b)     displaying or using any of the Mortensen Marks to advertise or promote the sale of, or to identify, any product or service provided therein;

(c)     making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that Defendants, and the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized, or approved by Plaintiff;

(d)     account and pay over to Plaintiff all gains, profits, and advantages derived by Defendants from any trademark and service mark infringement, breach of contract, and unfair competition to the full extent provided for by Section 43(a) of the Lanham Act and by the controlling principles of common law; and

(e)     cease  unlawfully  using  or  disclosing  Plaintiff's  confidential

information, including confidential business information and trade secrets, product

specifications, information, techniques and know-how.

2.  For an order directing Defendants to file with the Court, and to serve on

Plaintiff's counsel within ten days after service of any injunction or order issued

herein, or within such a reasonable time as the Court shall direct, a report, in writing

and under oath, setting forth in detail the manner in which Defendants have complied

with such injunction or order;

3.  For an order that Defendants provide a post-expiration accounting of all

proceeds generated;

4.  For an order imposing a constructive trust on Defendants' post-expiration

proceeds and other assets resulting from the post-expiration operations; and

5.  For all such other relief as this Court may deem just and proper.

Respectfully submitted this 21ᵗʰ day of December, 2017.

JONES WALKER LLP

JOSEPH P. HENNER
Georgia Bar No. 006920
jhenner@joneswalker.com
1360 Peachtree Street NE
Suite 1030
Atlanta, GA  30309
(404) 870-7517

## CERTIFICATE OF FONT AND POINT SELECTION

Undersigned counsel hereby certifies, pursuant to LR 7.1(D), NDGa, that the

foregoing was prepared in Times New Roman, 14 point font, which is one of the

font and point selections approved in LR 5.1, NDGa.

Joseph P. Henner

## CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing VERIFIED PETITION FOR INJUNCTIVE RELIEF with the clerk's office CM/ECF system, which will send email notification to the counsel of record. Additionally, I have sent the foregoing to counsel listed below via Federal Express for overnight delivery:

Robert Dell'Osa, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Email: redellosa@cozen.com
Phone: 215-665-2745
Facsimile: 215-665-2013

Harold G. Cohen Esq.
Dilworth Paxson, LLP
457 Haddonfield Rd.
Liberty View Suite 700
Cherry Hill, NJ 08002
Email:hcohen@dilworthlaw.com
Phone: 917-675-4250
Facsimile: 212-208-6874

This 21th day of December, 2017.

JONES WALKER, LLP

Joseph P. Henner
Georgia Bar No. 006920

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MORTENSEN WOODWORK, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.: |
| | ) | |
| MORTENSEN MID-ATLANTIC | ) | |
| LIMITED LIABILITY COMPANY; | ) | |
| MORTENSEN MID-ATLANTIC OF | ) | |
| NEW YORK, LLC; CAPITOL | ) | |
| WOODWORKS; PHC; and | ) | |
| RICHARD A. PALKO | ) | |

## VERIFICATION

COMES NOW the undersigned officer or agent for Mortensen Woodwork,

Inc., who verifies under penalty of perjury that upon his knowledge and belief, the

within and foregoing allegations in the forgoing Verified Petition for Injunctive

Relief are true and correct.

Executed on December _____20^TH_____, 2017.

Mortensen Woodwork, Inc.

By: _____

Greg Kasten

Its:   President

notary is not required pursuant to 28 U.S.C. § 1746.

{AT018976.1} 1